# UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Laruier T. Ames,
    Petitioner

vs.                                      Case No. 1:03cv82
                                                (Spiegel, S.J.; Black, M.J.)

Tim Brunsman,[1]
    Respondent

## REPORT AND RECOMMENDATION

    Petitioner, an inmate in state custody at the Chillicothe Correctional Institution in Chillicothe, Ohio, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition, respondent's "Answer And Return Of Writ," and petitioner's "traverse" in response to the return of writ. (Docs. 1, 6, 8).

### Procedural Background

    On April 14, 1999, petitioner was indicted by the grand jury of Butler County, Ohio, on two counts of gross sexual imposition as defined in Ohio Rev. Code § 2907.05(A)(4) and one count of rape as defined in Ohio Rev. Code

---

[1] In the petition, petitioner properly named as respondent James Erwin, who was then Warden of Chillicothe Correctional Institution (CCI), where petitioner is incarcerated. However, since the time petitioner instituted this action, Erwin was replaced by Tim Brunsman as CCI's Warden. Because Tim Brunsman is the individual who currently has custody of petitioner, the caption of this case is hereby changed to reflect the proper party respondent. *See* Rule 2, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

§ 2907.02(A)(1)(b).  (Doc. 6, Ex. 2).  On December 23, 1999, the indictment was amended to reflect that the alleged offenses charged in the indictment occurred "[o]n or about August or September, 1998."  (*Id.,* Ex. 3).  Following a jury trial, petitioner was found guilty of one of the gross sexual imposition charges and gross sexual imposition as a lesser-included offense of the rape count.  (*Id.,* Exs. 4-6).  On February 29, 2000, petitioner was adjudicated to be a sexual predator and was sentenced to consecutive four (4) year terms of imprisonment for the two offenses. (*Id.,* Exs. 7-8).

With the assistance of counsel, petitioner appealed his conviction to the Ohio Court of Appeals, Twelfth Appellate District.  On June 11, 2001, the Court of Appeals affirmed the trial court's judgment.  (*Id.*, Ex. 13).

Petitioner did not pursue a timely appeal to the Supreme Court of Ohio. Instead, on January 14, 2002, over six months after the Ohio Court of Appeals issued its decision on direct appeal, petitioner filed pro se a notice of appeal and motion for delayed appeal with the Supreme Court of Ohio.  (*Id.,* Ex. 14).  On February 13, 2002, the Supreme Court of Ohio denied petitioner's motion for delayed appeal and dismissed the cause of action without opinion.  (*Id.,* Ex. 15).

Next, in January 2003, petitioner initiated the instant federal habeas corpus action.  The petition, which was signed by petitioner on January 22, 2003, was stamped as "received" by the Court on January 27, 2003 and was stamped as "filed" on January 30, 2003.  (Doc. 1).  Under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing.  *See, e.g., Jones v. Bertrand,* 171 F.3d 499, 502 (7th Cir. 1999); *Nichols v. Bowersox,* 172 F.3d 1068, 1077 (8th Cir. 1999); *Spotville v. Cain,* 149 F.3d 374, 376-77 (5th Cir. 1998); *Burns v. Morton,* 134 F.3d 109, 112-13 (3rd Cir. 1998); s*ee also In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997).  In this case, the record does not reflect the actual date petitioner provided his petition to prison authorities for mailing.  Therefore, absent evidence to the contrary, the Court assumes the petition was delivered to prison authorities and thus "filed" on January 22, 2003, the date petitioner signed it.  *Cf. Burnett v. Birkett,* No. 00-10144-BC, 2002 WL 31748843, at *3 (E.D. Mich. Nov. 26, 2002) (unpublished) (citing *Hudson v. Martin,* 68 F.Supp.2d 798, 799 n.2 (E.D. Mich. 1999), *aff'd,* 8 Fed. Appx. 352 (6th Cir. Mar. 22, 2001)).

In the petition, petitioner alleges the following grounds for relief:

**Ground One:**  The State of Ohio lack[s] legal standing rights pursuant to Fed. R. Civ. 17[A].

**Ground Two**:  The State of Ohio courts lack statutory subject matter jurisdiction pursuant to Ohio law.

**Ground Three:**  Petitioner did not receive a full and fair hearing in the state court in Butler County, Ohio . . . because his conviction was not supported by factua[]l determination or any legal Ohio law . . . by a state court of competen[t] jurisdiction.

**Ground Four:**  The trial court abused its discretion when it admitted testimony by an "expert" as to the veracity of another witness.

(Doc. 1, pp. 5-6).

## OPINION

### The Petition Is Subject To Dismissal With Prejudice On The Ground That It Is Barred From Review By The Statute Of Limitations

In the return of writ (Doc. 6, Brief, pp. 6-10), respondent argues that petitioner's claims for relief are barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214.  Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of:  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.  Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly

filed application for state post-conviction relief or other collateral review.

All of petitioner's claims involve allegations of error occurring during the trial proceedings, which could have been discovered through the exercise of due diligence before the expiration of time for seeking direct review in the Ohio courts. Therefore, the petition is governed by 28 U.S.C. § 2244(d)(1)(A), which provides that the statute of limitations begins to run from the date on which the challenged judgment became "final" by the conclusion of direct review or the expiration of time for seeking such review.

Based on the present record, it appears that petitioner's conviction became "final" for statute of limitations purposes on July 26, 2001, when the forty-five (45) day period expired for filing an appeal to the Supreme Court of Ohio from the Court of Appeals' June 11, 2001 direct appeal decision. *See* Rule II, § 2(A)(1)(a), of the Rules of Practice of the Supreme Court of Ohio. The statute of limitations began running the following day on July 27, 2001, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and ended one year later on July 27, 2002 absent the application of the tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles.[2]

During the one-year limitations period, petitioner was entitled to the benefits of the tolling provision set forth in 28 U.S.C. § 2244(d)(2) based on any pending

---

[2] In this case, petitioner filed a notice of appeal and motion for delayed appeal with the Supreme Court of Ohio on January 14, 2002. (*See* Doc. 6, Ex. 14). Although arguably considered part of the direct review process, this motion, which was denied by the Supreme Court of Ohio, did not cause the statute of limitations to begin running anew under 28 U.S.C. § 2244(d)(1)(A), but rather only could serve to toll its running. *See Searcy v. Carter,* 246 F.3d 515, 518-19 (6th Cir.), *cert. denied,* 534 U.S. 905 (2001); *cf. Bronaugh,* 235 F.3d at 285-88 (involving application for delayed reopening of appeal); *but cf. Lambert v. Warden, Ross Correctional,* 81 Fed.Appx. 1, 8-10 (6th Cir. Sep. 2, 2003) (not published in Federal Reporter) (disregarding *Bronaugh* and holding that under an erroneous, but binding, prior Sixth Circuit published decision addressing the separate issue of waiver, *White v. Schotten,* 201 F.3d 743, 752-53 (6th Cir.), *cert. denied,* 531 U.S. 940 (2000), the statute of limitations "begins to run anew at the conclusion of the 26(B) process" on delayed applications for reopening of the appeal); *Smith v. Ohio Dep't of Rehabilitation & Correction,* 331 F.Supp.2d 605, 616-17 (N.D. Ohio 2004) (noting that the answer to the question of whether an untimely-filed application for reopening under Ohio R. App. P. 26(B) delays the start of the running of the statute of limitations under § 2244(d)(1)(A), or merely tolls its running under § 2244(d)(2), "is in a state of flux").

"properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2).[3] The tolling provision, however, does not "'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully expired." *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998).[4] Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Rashid,* 991 F. Supp. at 259.[5]

In this case, the statute of limitations ran for 171 days before it was tolled on January 14, 2002 by the filing of petitioner's motion for delayed appeal with the Supreme Court of Ohio. The statute remained tolled until May 14, 2002, when the ninety-day period expired for filing a petition for writ of certiorari with the United States Supreme Court from the Supreme Court of Ohio's February 13, 2002 Order denying petitioner's delayed appeal motion. *See Abela v. Martin,* 348 F.3d 164, 172-73 (6th Cir. 2003) (en banc), *cert. denied,* 541 U.S. 1070 (2004). The statute resumed running on May 15, 2002 and expired 194 days later on November 24, 2002. Therefore, absent the application of equitable tolling principles, the instant petition "filed" at the earliest on January 22, 2003, nearly two months after the statute of limitations had ceased running, is time-barred.

The statute of limitations may be equitably tolled in limited circumstances. *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.), *cert. denied,* 534 U.S.

---

[3] *See also Bennett v. Artuz,* 199 F.3d 116, 119 (2nd Cir. 1999), *aff'd,* 531 U.S. 4 (2000); *Gaskins v. Duval,* 183 F.3d 8, 10 (1st Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998) (per curiam); *Gendron v. United States,* 154 F.3d 672, 675 & n.3 (7th Cir. 1998) (per curiam), *cert. denied,* 526 U.S. 1113 (1999); *Hoggro v. Boone,* 150 F.3d 1223, 1226 (10th Cir. 1998); *Lovasz v. Vaughn,* 134 F.3d 146, 148-49 (3rd Cir. 1998); *cf. Morris v. Bell,* 124 F.3d 198 (table), No. 96-5510, 1997 WL 560055, at *3 (6th Cir. Sept. 5, 1997) (unpublished), *cert. denied,* 522 U.S. 1149 (1998).

[4] *See also Smith v. McGinnis,* 208 F.3d 13, 16-17 (2nd Cir.) (and cases cited therein), *cert. denied,* 531 U.S. 840 (2000); *Sorce v. Artuz,* 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999) (and cases cited therein); *Blasi v. Attorney General of Pennsylvania,* 30 F.Supp.2d 481, 485 (M.D. Pa. 1998).

[5] C*f. Cox v. Angelone,* 997 F. Supp. 740, 743-44 (E.D. Va. 1998); *Healy v. DiPaolo,* 981 F. Supp. 705, 706-07 (D. Mass. 1997).

1057 (2001); *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988). In determining whether the statute of limitations should be equitably tolled, the court must consider the following factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap,* 250 F.3d at 1008 (citing *Andrews,* 851 F.2d at 151). The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

Petitioner has not attempted to apply the five *Dunlap* factors to this case. He did argue as "cause" for his delay in filing an appeal to the Supreme Court of Ohio that the "security within the institution" and his lack of knowledge of the law precluded him from timely following the proper procedures. (*See* Doc. 6, Ex. 14). However, petitioner has not provided a factual basis to support his general contention that "security within the institution" prevented him from filing a timely appeal within the state courts. Moreover, it is well-settled that "ignorance of the law alone is not sufficient to warrant equitable tolling." *Allen v. Yukins,* 366 F.3d 396, 403 (6th Cir.), *cert. denied,* 125 S.Ct. 200 (2004) (quoting *Rose v. Dole,* 945 F.2d 1331, 1335 (6th Cir. 1991)). Therefore, equitable tolling under *Dunlap* is inappropriate in this case.

Petitioner suggests in his "traverse" brief that his claims are subject to review under the "actual innocence" exception to the statute of limitations bar, because the State of Ohio and trial court lacked jurisdiction to prosecute, try and convict him. (*See* Doc. 8). The Sixth Circuit recently held that the one-year AEDPA statute of limitations is subject to equitable tolling based on a "credible showing of actual innocence" under the standard enunciated by the Supreme Court in *Schlup v. Delo,* 513 U.S. 298 (1995). *Souter v. Jones,* 395 F.3d 577, 597-601 (6th Cir. 2005).

To obtain habeas corpus review of his claims on the merits under this "actual

6

innocence" exception, the otherwise-barred petitioner "must show it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" in light of all the evidence, "including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." *Alexander v. Keane,* 991 F.Supp. 329, 339 (S.D.N.Y. 1998) (quoting *Schlup,* 513 U.S. at 327-28).[6]

To be credible, a claim of actual innocence requires petitioner to support his allegations "with new reliable evidence . . . that was not presented at trial" either because it was wrongly excluded or unavailable at the time of trial. *Alexander,* 991 F.Supp. at 339-40 (quoting *Schlup,* 513 U.S. at 324)[7] Establishing actual innocence requires a showing of factual innocence, not mere legal insufficiency. *See Bousley v. United States,* 523 U.S. 614, 623 (1998); *Hampton v. United States,* 191 F.3d 695, 703 (6th Cir. 1999); *Holloway,* 166 F.Supp.2d at 1190-91. In order to pass through the actual innocence gateway, a petitioner's case must be "truly extraordinary." *Alexander,* 991 F.Supp. at 339 (quoting *Schlup,* 513 U.S. at 327).

Here, petitioner's claim of "actual innocence" is not based on new evidence that was not available at the time of petitioner's trial. Indeed, petitioner does not contend he is innocent with respect to the gross sexual imposition crimes that he was found guilty of committing. Rather, he merely contests his conviction and sentence on state jurisdictional grounds. Therefore, petitioner has not made a credible showing of his factual innocence to overcome the procedural bar posed by the statute of limitations.

In any event, contrary to petitioner's contention, it is clear that the Butler County Common Pleas Court and prosecutor had authority under state law to

---

[6] The Court also cited with approval the standard enunciated by Judge Friendly in a 1970 law review article, *Is Innocence Relevant? Collateral Attack on Criminal Judgments,* 38 U.Chi.L.Rev. 142, 145 (1970)); *see also Whalen v. Randle,* 37 Fed.Appx. 113, 121 (6th Cir. Mar. 12, 2002) (not published in Federal Reporter) (citing *Alexander,* 991 F. Supp. at 339); *Lucidore v. New York State Division of Parole*, 209 F.3d 107, 114 (2nd Cir.), *cert. denied,* 531 U.S. 873 (2000).

[7] *See also Channels v. McLemore,* 34 Fed.Appx. 153, 155 (6th Cir. Jan. 25, 2002) (not published in Federal Reporter), *cert. denied,* 537 U.S. 1090 (2002); *Hill v. Randle,* 27 Fed.Appx. 494, 496 (6th Cir. Nov. 7, 2001) (not published in Federal Reporter); *Lucidore,* 209 F.3d at 114; *Holloway v. Jones,* 166 F.Supp.2d 1185, 1191 (E.D. Mich. 2001).

prosecute, try, convict and sentence him "upon an indictment regularly issued." *See Harris v. Bagley,* 776 N.E.2d 490 (Ohio 2002) (per curiam)[8]; *Taylor v. Mitchell,* 727 N.E.2d 905, 906 (Ohio 2000) (per curiam)[9]

In cases such as this, involving felony charges prosecuted by way of an indictment pursuant to Ohio R. Crim. P. 7(A), the Ohio appellate courts have uniformly held that an accusation by affidavit or complaint is not necessary for the common pleas court to obtain jurisdiction over the criminal case. *See, e.g., State v. Carpenter,* No. 02CA001, 2001 WL 34048137, at *2 (Ohio Ct. App. Nov. 29, 2002) (unpublished).[10] The courts of common pleas, by state statute, are "courts of general jurisdiction [that] possess subject matter jurisdiction over all crimes and offenses." *State v. Thomas,* No. L-98-1192, 1998 WL 769795, at *1 (Ohio Ct. App. Nov. 6, 1998) (unpublished).

Accordingly, in sum, the Court concludes that under the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), the statute commenced running on July 27, 2001 and expired on November 24, 2002 after taking into account the tolling of the statute during the pendency of state delayed appeal proceedings. The petition, "filed" at the earliest on January 22, 2003, was submitted nearly two months too late. No equitable tolling principles apply to permit review of petitioner's time-barred claims for relief. It is, therefore, RECOMMENDED that petitioner's petition for writ of habeas corpus (Doc. 1) be DISMISSED with prejudice as time-barred.

---

[8] (Rejecting state habeas petitioner's claim that his conviction and sentence for rape were void given that petitioner "was convicted and sentenced upon an indictment, and his trial court had the requisite jurisdiction to try, convict, and sentence him on the charged offense.")

[9] (Rejecting for same reason state habeas petitioner's claim that the common pleas court lacked jurisdiction over his kidnaping and aggravated robbery charges.)

[10] *See also State v. Bunnell,* No. L-02-1015, 2002 WL 1305052 (Ohio Ct. App. June 7, 2002) (unpublished); *State v. Lutz,* No. CA2000-09-07112, 2001 WL 1598768, at *2, *3 (Ohio Ct. App. Dec. 17, 2001) (unpublished); *State v. Woodburn,* No. 94 C 82, 1998 WL 336963, at *4 (Ohio Ct. App. June 24, 1998) (unpublished); *State v. Manley,* No. 95-CO-54, 1996 WL 350915, at *2-3 (Ohio Ct. App. June 21, 1996) (unpublished), *appeal dismissed,* 673 N.E.2d 144 (Ohio 1996); *State v. Lutchey,* No. F-95-009, 1996 WL 71011, at *2 (Ohio Ct. App. Feb. 16, 1996) (unpublished).

8

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be DISMISSED with prejudice as time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to any Order adopting this Report and Recommendation to dismiss the petition with prejudice on procedural statute of limitations grounds, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not "find it debatable whether this Court is correct in its procedural ruling."[11]

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, DENY petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: May 27, 2005　　　　　　　　　　　s/Timothy S. Black
　　　cbc　　　　　　　　　　　　　　　Timothy S. Black
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

J:\BRYANCC\2005 habeas orders\03-82denypet.sol.wpd

---

[11]Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim for relief in his habeas petition. *See Slack*, 529 U.S. at 484. However, the Court notes that all of petitioner's grounds for relief appear to be waived due to petitioner's procedural defaults in the state courts and that petitioner's first three grounds for relief, which challenge the jurisdiction of the State and trial court over his criminal case, do not state viable constitutional claims.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Laruier T. Ames,
    Petitioner,

        v.

Tim Brunsman
    Respondent.

Case No. 1:03cv82
(Spiegel, S.J.; Black, M.J.)

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).