UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LARUIER T. AMES, :
: NO. 1:03-CV-00082
    Petitioner, :
:
: **OPINION & ORDER**
  v. :
:
:
TIM BRUNSMAN, :
:
    Respondent. :

      Before the Court is the Report and Recommendation of the assigned Magistrate Judge (doc. 10), to which no Objections were filed. Petitioner Laruier T. Ames (hereinafter "Ames") is an inmate in state custody at the Chillicothe Correctional Institution in Chillicothe, Ohio (Id.). Ames filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1). The matter was before the Magistrate Judge on this Petition as well as Respondent's Return of Writ (doc. 6), and Ames's Traverse (doc. 8).

      The Magistrate Judge issued his Report and Recommendation on May 27, 2005 (doc. 10). First he ecommended that Ames's Petition be dismissed with prejudice as time-barred pursuant to 28 U.S.C. § 2244(d) (doc. 10). Second, that a certificate of appealability not issue with respect to any Order adopting the Report and Recommendation (Id.). Third, that the Petition be dismissed with prejudice on procedural statute of limitations

1

grounds, because under the first prong of the applicable two-part standard ennunciated in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not "find it debatable whether this Court is correct in its procedural ruling" (doc. 10). And, lastly, that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting the Report and Recommendation would not be taken in "good faith" and, therefore, DENY Ames leave to proceed on appeal in forma pauperis upon a showing of financial necessity (doc. 10).

On April 14, 1999, Ames was indicted by the grand jury of Butler County, Ohio on two counts of gross sexual imposition as defined by Ohio Revised Code § 2907.05(A)(4) and one count of rape as defined by §2907.02(A)(1)(b) (doc. 10). Ames was found guilty by a jury of one of the gross sexual imposition charges and gross sexual imposition as a lesser-included offense of the rape count (Id.). On February 29, 2000, Ames was adjudicated a sexual predator and was sentenced to consecutive four year terms of imprisonment for the two offenses (Id.). Ames appealed, with assistance of counsel, his conviction to the Ohio Court of Appeals, Twelfth Appellate District (Id.). The Court Appeals, on June 11, 2001, affirmed the trial court's judgment (Id.).

Ames did not pursue a timely appeal to the Supreme Court of Ohio (Id.). Instead, on January 14, 2002, over six months after the Ohio Court of Appeals issued its decision on direct

appeal, Ames filed pro se a notice of appeal and motion for delayed appeal with the Supreme Court of Ohio (Id.).  On February 13, 2002, the Supreme Court of Ohio denied Ames's motion for delayed appeal and dismissed the cause of action without opinion (Id.).

In January of 2003, Ames filed the instant federal habeas corpus action (Id.).  The petition was stamped "received" by the Court on January 27, 2003 and was stamped "filed" on January 30, 2003 (Id.).  Ames signed the petition on January 22, 2003 (Id.).  According to Houston v. Lack, 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing.  See also Jones v. Bertrand, 171 F.3d 499, 502 (7th Cir. 1999); Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999); Spotville v. Cain, 149 F.3d 374, 376-77 (5th Cir. 1998); Burns v. Morton, 134 F.3d 109, 112-13 (3rd Cir. 1998); In re Sims, 111 F.3d 45, 47 (6th Cir. 1997).  In the instant case, notes the Magistrate Judge, the record does not reflect the actual date Ames provided his petition to prison authorities for mailing (doc. 10).  Absent such evidence, the Magistrate Judge assumes the petition was delivered to prison authorities and, therefore, "filed" on the date Ames signed his petition (i.e., January 22, 2003) (Id.).

Ames's petition alleges the following grounds for relief.  One, the "State of Ohio lack[ed] legal standing rights

pursuant to Federal Rules 17(a)." Two, the "State of Ohio courts lack statutory subject matter jurisdiction pursuant to Ohio law." Three, he "did not receive a full and fair hearing in the state court in Butler County, Ohio . . . because his conviction was not supported by factua[]l determination or any legal Ohio law . . . by a state court of competen[t] jurisdiction." And, four, "the trial court abused its discretion when it admitted testimony by an 'expert' as to the veracity of another witness." (doc. 10).

The Respondent argues that Ames's claims for relief are barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (doc. 10). Pursuant to § 2244(d)(1), a person in custody as a result of judgment of a state court must file an application for writ of habeas corpus within one year from the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing bu such state action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable

to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence (doc. 10).

Citing 28 U.S.C. § 2244(d)(2), the Magistrate Judge aptly notes that the running of the limitations period is tolled during the pendency of a properly filed application for post-conviction relief or other collateral review (doc. 10). Ames's claims all involve allegations of error occurring during the trial proceedings, which could have been discovered through the exercise of due diligence before the expiration of time for seeking direct review in the Ohio courts (doc. 10). Consequently, reports the Magistrate Judge, the petition is governed by 28 U.S.C. § 2244(d)(1)(A), which provides that the statute of limitations begins to run from the date on which the challenged judgment became "final" by the conclusion of direct review or the expiration of time for seeking such review (doc. 10).

The Magistrate Judge reports that Ames's conviction became final, for statute of limitations purposes, on July 26, 2001 (Id.). This date is the when the 45 day period expired for filing an appeal to the Supreme Court of Ohio from the Court of Appeals's June 11, 2001 decision (Id.). The statute of limitations would have begun running July 27, 2001 and would have ended one year later on July 27, 2002 (Id.). During the one-year limitations period, Ames was entitled to the benefits of the tolling provision

set forth in 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review (doc. 10 citing 28 U.S.C. § 2244(d)(2)). However, once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar (Id. citing Rashid v. Khulmann, 991 F.Supp. 254, 259 (S.D.N.Y. 1998)).

The Magistrate Judge notes that in the instant matter, the statute of limitations ran for 171 days before it was tolled on January 14, 2002 by the filing of Ames's motion for delayed appeal with the Supreme Court of Ohio (doc. 10). The statute remained tolled until May 14, 2002, when the 90 day period expired for filing a petition for writ of certiorari with the United States Supreme Court from the Supreme Court of Ohio's February 13, 2002 order denying Ames's delayed appeal motion (Id. citing Abela v. Martin, 348 F.3d 164, 172-73 (6th Cir. 2003) (en banc) (cert. denied, 541 U.S. 1070 (2004)). The statute, thus, resumed running on May 15, 2002 and expired 194 days later on November 24, 2002 (doc. 10). Therefore, reports the Magistrate Judge, absent the application of equitable tolling, the instant petition "filed" at the earliest date of January 22, 2003 was nearly two months past the time at which the statute of limitations had ceased running (Id.).

Equitable tolling is applicable in only limited

circumstances (doc. 10 citing Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir. 2001) (cert. denied, 534 U.S. 1057 (2001); Andrews v. Orr, 851 F.2d 146, 151 (6th Cir. 1988)). The Court considers the following factors in determining whether equitable tolling is available: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his action (doc. 10 citing Dunlap at 1008) (internal citations omitted). The Magistrate Judge notes that Ames's did not argue the Dunlap exceptions (doc. 10). What Ames's did argue was that lack of security within the prison and his lack of knowledge of the law precluded him from timely filing (Id.). However, Ames's provided no factual record to support these claims - specifically the claim that "security within the institution" prevented him from filing a timely appeal (Id.). Additionally, "ignorance of the law alone is not sufficient to warrant equitable tolling." Allen v. Yukins, 366 F.3d 396, 403 (6th Cir.). As such, concludes the Magistrate Judge, equitable tolling pursuant to Dunlap is not warranted in this matter (doc. 10).

Petitioner also asserts in his traverse brief that his claims are subject to review under the "actual innocence" exception to the statute of limitations bar, because the State of

-7-

Ohio and trial court lacked jurisdiction to prosecute, try and convict him (Id.). A tolling of the statute of limitations is permitted where a petitioner can make a credible showing of actual innocence. Schlup v. Delo, 513 U.S. 298 (1995); Souter v. Jones, 395 F.3d 577, 597-601 (6th Cir. 2005). The Magistrate Judge ultimately finds that Ames's does not make this showing (doc. 10).

Ames was served with the Report and Recommendation and was therefore afforded proper notice of the Magistrate Judge's Report and Recommendation required by 28 U.S.C. § 636(b)(1)(C), including that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). Ames, as noted above, has failed to file any objections thereto within the ten days provided for by Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. §636(b), the Court has reviewed the Report and Recommendation de novo, finding it both thoughtful and proper.

Having reviewed that Magistrate Judge's Report and Recommendation, the Court finds it to be well-reasoned and thorough Accordingly, the Magistrate Judge's Report and Recommendation (doc. 10) is hereby ADOPTED IN ITS ENTIRETY. Ames's Petition for Writ of Habeas Corpus (doc. 1) is DISMISSED WITH PREJUDICE. Issuance of a certificate of appealability of this Order pursuant to 28 U.S.C. § 2253(c) is DENIED. The Court hereby CERTIFIES pursuant to 28

U.S.C. § 1915(a)(3) that any appeal of this Order may not be taken in good faith; leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> on appeal is therefore DENIED.

       SO ORDERED.

Dated: July 26, 2005        <u>/s/ S. Arthur Spiegel</u>
                                    S. Arthur Spiegel
                                    United States Senior District Judge